UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMMY HUTSON,

    Plaintiff,

vs.

UNISYS CORPORATION,

    Defendant.

Case No. 2:07-cv-15361
Hon. Patrick J. Duggan
Magistrate Judge Virginia M. Morgan

/

| | |
|---|---|
| Cary S. McGehee (P42318) | Cameron J. Evans (P47276) |
| Attorney for Plaintiff | Tara E. Mahoney (P68697) |
| Pitt, McGehee, Palmer, Rivers & Golden, P.C. | Attorneys for Defendant |
| 117 W. Fourth Street, Suite 200 | Honigman Miller Schwartz and Cohn LLP |
| Royal Oak, Michigan 48067-3837 | 2290 First National Building |
| (248) 398-9800 | 660 Woodward Avenue |
| | Detroit, Michigan 48226-3506 |
| | (313) 465-7000 |

**STIPULATED PROTECTIVE ORDER**

At a session of said Court, held in the U.S. District Courthouse, Eastern District of Michigan, City of Detroit, State of Michigan on <u>March 14, 2008</u>.

PRESENT: HON. <u>PATRICK J. DUGGAN</u>
                U.S. DISTRICT COURT JUDGE

This matter having come before the Court pursuant to the stipulation of the parties, the Court having read same and otherwise being fully advised in the premises;

IT IS HEREBY ORDERED that:

Documents and information may be supplied by Defendant Unisys Corporation ("Defendant") to Plaintiff Sammy Hutson ("Plaintiff"), by Plaintiff to Defendant, or by non-

1

parties to Plaintiff and/or Defendant, either voluntarily or pursuant to discovery proceedings, which constitute trade secrets or other confidential research, development, or commercial information within the meaning of Fed. R. Civ. P. 26(c)(1)(G), or which are otherwise confidential or of a personal nature to employees or former employees of Defendant or to Plaintiff (herein referred to collectively as "confidential material").

Therefore, IT IS HEREBY ORDERED as follows:

1. Plaintiff and Defendant shall designate in writing any document, any portion of any document, any answers to interrogatories, or any transcript or portion thereof, as confidential material. With regard to documents and answers to interrogatories, such designation shall be made at the time that such answers are served upon the other party or at the time that copies of documents are delivered to the other party or documents are made available for the other party's inspection. All transcripts shall be deemed to be confidential for ten (10) business days after their receipt by Plaintiff and Defendant or upon entry of this Order, whichever is later, during which time Plaintiff or Defendant may designate confidential portions, if any. The contents of the following shall be treated as confidential material: (a) all personnel documents or information related to any current or former employee of Defendant, other than Plaintiff; (b) any non-public financial or proprietary information of either Plaintiff or Defendant; and (c) documents or information pertaining to Plaintiff's physical and/or mental health care records obtained from either Plaintiff directly or Plaintiff's health care providers. All materials designated as confidential material shall be so marked by Plaintiff and/or Defendant.

2. Each person to whom confidential material, or data and information obtained, derived, or generated from confidential material, is disclosed or made available, including experts or consultants retained by Plaintiff or Defendant, shall first be advised by Plaintiff's or

Defendant's attorney of the existence and the contents of this Order, and shall be bound by its terms and conditions. No such person shall divulge any confidential material, or any data or information obtained, derived, or generated from confidential material, to any other persons, except as provided herein.

3. Confidential material, or data and information obtained, derived, or generated from confidential material, shall be disclosed only to:

> a. The Court and Court personnel;
>
> b. Attorneys of record in this action and persons employed in such attorneys' offices;
>
> c. Plaintiff himself;
>
> d. Any officer, agent, employee, or former employee of Defendant with whom Defendant's attorneys deem it necessary to disclose such information in the defense of this litigation;
>
> e. Independent experts such as statisticians, economists, accountants, and medical professionals; and
>
> f. Witnesses or potential witnesses with whom Plaintiff's and/or Defendant's attorneys deem it necessary to discuss such material in the course of discovery and/or preparation for trial.

4. Confidential material, or data and information obtained, derived, or generated from confidential material, shall not be used for any purpose other than pre-trial proceedings, preparation for trial, at trial, and post-trial litigation, including any appeals, in connection with the above-captioned action. The above restrictions concerning disclosure shall not apply to

documents and to other information that has been made available to the public or which is already rightfully in the possession of Plaintiff or Defendant.

5. Any documents filed with a court in the above-captioned action which contain confidential material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words, "Confidential Material – Subject to Protective Order," and a statement substantially in the following form:

> This envelope is sealed pursuant to order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.

6. Plaintiff and Defendant will act in good faith in designating material as confidential material.

7. Nothing contained in this stipulated Order shall be construed as a waiver by Plaintiff or Defendant of their respective right to object to the subject matter of any discovery request made in this action. The stipulated entry of this Order shall not be construed as an agreement by Plaintiff or Defendant to produce any document or supply any information, and shall not constitute an admission that any designated material is relevant in any way to the issues raised in the pending action, is admissible as evidence in this case, or as a waiver of any privilege with respect thereto.

8. Any dispute arising under this Order shall be submitted to the Court for resolution. If Plaintiff or Defendant disagrees with the designation of any material as confidential material, the material so designated shall nonetheless be deemed to be confidential material, and the party opposing the designation shall be required to file an appropriate motion with the Court. The burden of proof shall be on the party claiming confidentiality.

9. Within thirty (30) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of documents designated as confidential material shall be returned to the parties, together with all documents containing data or information obtained, derived, or generated from such confidential material. In the alternative, the parties may provide either counsel with a certification of counsel that the confidential material has been destroyed. In addition, pursuant to Local Rule 5.3 of the United States District Court for the Eastern District of Michigan, counsel for Plaintiff and Defendant must request any confidential material filed with the Court be returned and not allow the Court to unseal the documents and place them in the case file.

10. If any confidential material, information, or data obtained, derived, or generated therefrom, is sought through discovery from the parties by any party in any other judicial or administrative proceedings, the parties agree that they will immediately notify each other so as to permit a party to seek a protective order from the appropriate court.

        s/Patrick J. Duggan
        Patrick J. Duggan
        United States District Judge

Dated: March 14, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 14, 2008, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

**APPROVED FOR ENTRY:**

Attorneys for Plaintiff

s/ with consent of Cary S. McGehee
Cary S. McGehee
Pitt, McGehee, Palmer, Rivers & Golden, P.C.
117 W. Fourth Street, Suite 200
Royal Oak, Michigan 48067-3837
(248) 398-9800
cmcgehee@pittlawpc.com
(P42318)


Attorneys for Defendant

 /s/ Cameron J. Evans
Cameron J. Evans
Tara E. Mahoney (P68697)
660 Woodward, Ste. 2290
Detroit, Michigan  48226-3583
(313) 465-7000
cevans@honigman.com
(P47276)

DETROIT.2991568.1 DETROIT.2991568.1